UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARE LINDQUIST, | Case No. 19-cv-08029-HSG |
| Plaintiff, | **ORDER ON MOTION TO REMAND** |
| v. | Re: Dkt. No. 8 |
| TARGET CORPORATION, | |
| Defendant. | |

Before the Court is the motion to remand filed by Plaintiff Clare Lindquist. Dkt. Nos. 8 ("Mot."), 9 ("Opp."), 10 ("Reply"). For the reasons set forth below, the Court **REMANDS** this entire action to state court.[1]

## I. BACKGROUND

Plaintiff brings a claim alleging general negligence and premises liability against Defendant Target Corporation ("Target" or "Corporation") and Does 1–10. Plaintiff filed her Complaint in the Superior Court of California in the County of Marin on November 8, 2018. Dkt. No. 1-3 ("Compl."). Plaintiff completed service of the Complaint on November 14, 2018. *See* Dkt. No. 8-1, Ex. 2.

On December 27, 2018, Target served a request for statement of damages under California Civil Code section 425.11, asking Plaintiff to "provide a statement setting forth the nature and amount of damages being sought, both general and special, within fifteen (15) days." Dkt. No. 9-1, Ex. 3. Plaintiff objected to the request on January 9, 2019. *Id.* at Ex. 4. Target states that on November 21, 2019, "Plaintiff finally made a demand through email and U.S. Mail to settle the case for $360,000.00 whereby Target first became on notice that Plaintiff sought over $75,000 in

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. See Civ. L.R. 7–1(b).

1  damages." Opp. at 2.  Target then filed a Notice of Removal based on diversity jurisdiction on

2  December 9, 2019.  Dkt. No. 1.

**II.   LEGAL STANDARD**

A defendant may remove a state court action to federal court on the basis of diversity of citizenship.  28 U.S.C. § 1441(b); *see also id.* § 1332.  In general, a defendant may not remove an action on the basis of diversity jurisdiction "more than one year after the commencement of the state court action."  *Id.* § 1446(c)(1); *see also Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005) (holding that "commencement" in this context refers to when the action was initiated in state court, according to state procedures).  But untimely removal is warranted where "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  *Id.*  Because "the removing defendant has always borne the burden of establishing federal jurisdiction," *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006) (internal quotation omitted), the defendant bears the burden of proving that the plaintiff acted in bad faith.  *See id.* at 685 (where the removal statutes are silent as to burden allocation, the general rule applies).

**III.  ANALYSIS**

Plaintiff seeks remand arguing that Target failed to timely remove the action within one year after Plaintiff filed its initial pleading as required by 28 U.S.C. § 1441(c)(1).  "A case may not be removed . . . on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1441(c)(1).  It is indisputable that Target did not file its removal notice until over thirteen months after the initial pleading in state court.

Target argues that Plaintiff acted in bad faith here by deliberately failing to disclose the actual amount in controversy until November 21, 2019 to prevent removal.  Opp. at 3.  However, nothing in the record suggests this to be the case.  The submitted discovery record makes clear that Plaintiff was seeing doctors to address her injuries through the discovery period and responding to discovery requests as to the extent of her damages as she became aware.  *See* Dkt. No. 10-1, Ex. 4.

Target's bad faith allegation thus fails for lack of any support.[2]

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **REMANDS** this entire action back to the Superior Court of California for the County of Marin. The parties shall bear their own costs. The Clerk of the Court is instructed to close the file. This Order terminates docket no. 8.

**IT IS SO ORDERED.**

Dated: 2/18/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court need not reach Plaintiff's remaining argument that Target failed to timely remove the action within thirty days after proper notice regarding removability. Mot. at 2–3.

3